UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOYCE, Individually and For Others Similarly Situated, | Case No. __1:19-cv-868__ |
| v. | JURY TRIAL DEMANDED |
| ABSOLUTE CONSULTING, INC., and GSE SYSTEMS, INC. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Absolute Consulting, Inc. and GSE Systems, Inc. (collectively "GSE") failed to pay Michael Joyce ("Joyce"), and other workers like him, overtime as required by the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq.*

2. Instead, GSE paid Joyce, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Joyce brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original jurisdiction under 29 U.S.C. § 201 et seq.

5. The total number of all potential class members far exceeds 100.

6. Venue is proper in the Northern District of Maryland because GSE has its corporate offices located in this District and Division in Carroll County.

### PARTIES

7. Joyce was an hourly employee of GSE. His written consent is attached as Exhibit A.

1

8. GSE bills itself as "a total solutions provider for the energy industry" including nuclear power plants, refinery plants, and fossil power plants.[1]

9. Among other things, it provides engineering, consulting, and staffing services to its clients.

10. In September 2017, GSE Systems Inc. acquired Absolute Consulting, Inc.[2]

11. Absolute Consulting, Inc. is a Florida corporation. Absolute Consulting Inc. may be served with process by serving its registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

12. GSE Systems, Inc. is a Maryland corporation. GSE Systems, Inc. may be served with process by serving its registered agent at CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.

## COVERAGE UNDER THE FLSA

13. At all times hereinafter mentioned, Defendants were and are an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendants were and are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

---

[1] www.gses.com/history-and-experience
[2] https://www.gses.com/news/2017/gse-systems-inc-acquires-absolute-consulting-inc/

2

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiff and the Putative Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

17. Joyce was an hourly employee of Absolute Consulting and GSE Systems.

18. Joyce was hired around November 2016.

19. Joyce left GSE's employment near the end of May 2018.

20. GSE paid Joyce by the hour.

21. GSE paid Joyce $98.00 per hour.

22. Joyce reported the hours he worked to GSE on a regular basis.

23. If Joyce worked fewer than 40 hours in a week, he would be paid only for the hours he worked.

24. But Joyce normally worked more than 40 hours in a week.

25. The hours Joyce worked are reflected in GSE's records.

26. GSE paid Joyce at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

27. Rather than receiving time and half as required by the FLSA, Joyce only received "straight time" pay for overtime hours worked.

28. This "straight time for overtime" payment scheme violates the FLSA.

29. GSE was aware of the overtime requirements of the FLSA.

30. GSE nonetheless failed to pay certain hourly employees, such as Joyce, overtime.

31. GSE's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

32. GSE's illegal "straight time for overtime" policy extends beyond Joyce.

33. It is the "straight time for overtime" payment plan that is the policy that is alleged to violate the FLSA in this FLSA collective action.

34. GSE has paid hundreds of hourly workers using the same unlawful scheme.

35. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

36. The workers impacted by GSE's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All hourly employees of GSE Systems, Inc. or Absolute Consulting, Inc. who were, at any point in the past 3 years, paid "straight time for overtime."** (the "Putative Class Members").

## CAUSE OF ACTION

37. By failing to pay Joyce and those similarly situated to him overtime at one-and-one-half times their regular rates, GSE violated the FLSA's overtime provisions.

38. GSE owes Joyce and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

39. Because GSE knew, or showed reckless disregard for whether, its pay practices violated the FLSA, GSE owes these wages for at least the past three years.

40. GSE is liable to Joyce and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

41. Joyce and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

42. Joyce prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Joyce and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Joyce and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Taylor A. Jones*
**Taylor A. Jones**
MD Bar No. 1612130317
MD Fed. ID No. 20049
tjones@mybackwages.com
**Michael A. Josephson**
TX Bar No. 24014780
mjosephson@mybackwages.com
**Andrew Dunlap**
TX Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**

5

8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**